IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONIA G.,[1]

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:24-cv-01779-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Tonia G.'s ("Plaintiff") motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees and costs she incurred in litigating this case. (Pl.'s Mot. Fees ("Pl.'s Mot."), ECF No. 23; *see also* Pl.'s Reply, ECF No. 30.) The Commissioner of the Social Security Administration ("Commissioner") asks the Court to reduce Plaintiff's requested EAJA fee award on the ground that the number of hours billed was unreasonable. (Def.'s Resp. Pl.'s Mot. Fees ("Def.'s Resp.") at 1-13, ECF No. 25.) For the reasons explained below, the Court grants in part and denies in part

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

Plaintiff's motion and awards Plaintiff EAJA fees in the amount of $26,244.94 and costs in the amount of $405.

**BACKGROUND**

Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. An Administrative Law Judge ("ALJ") found that Plaintiff was not disabled and denied her DIB application. Plaintiff timely appealed to federal court. On appeal, Plaintiff argued that the ALJ erred by failing to provide legally sufficient reasons for discounting medical opinion evidence and Plaintiff's symptom testimony. The Court agreed and remanded the case for further administrative proceedings on July 2, 2026, in a twenty-page opinion (Op. & Order, ECF No. 20).

**DISCUSSION**

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not contest that Plaintiff was the prevailing party or whether the agency's position was substantially justified. (*See generally* Def.'s Resp.) The Commissioner, however, argues that the Court should reduce Plaintiff's fee award because billing 112.90 hours was excessive in light of routine issues, the procedural posture of the case, and counsel's experience. (*See id.*)

Courts apply the "lodestar" method to determine a reasonable EAJA fee award. *See Costa*, 690 F.3d at 1135. "To calculate the lodestar amount, the [district] court multiplies 'the

number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"[2] *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). In evaluating the number of hours reasonably spent on the litigation, courts must keep in mind that "counsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (quoting *Hensley*, 461 U.S. at 434). Although "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case[,]' . . . [a] court can impose a reduction of up to [ten] percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

The Commissioner argues that counsel's 112.9 total hours, including 59.6 hours billed to the (twenty-page) opening brief and 42 hours on the (nineteen-page) reply brief, were excessive in light of the 664-page administrative record, routine issues, and counsel's experience.[3] (Def.'s Resp. at 8-13.) The Court has reviewed the record and Plaintiff's opening and reply briefs, as well as her fee application. The Court agrees that the total number of hours billed was somewhat excessive, especially when compared to the amount of time courts have found to be reasonable in similarly situated cases. As a result, the Court exercises its discretion and applies a ten percent

[2] The Commissioner does not challenge the reasonableness of the requested hourly rates. (*See generally* Def.'s Resp.; *see also* Decl. Katie Taylor Supp. Mot. Att'y Fees ("Taylor Decl.") ¶ 5, ECF No. 24, noting that the applicable statutory maximum EAJA rate, adjusted for increases in the cost of living, was $251.84 for work performed in 2024 and $258.46 for work performed in 2025-26; *id.* Ex. B at 4, ECF No. 24-2, applying those rates.)

[3] The Commissioner's primary objection to counsel's hours was her itemization of 23.1 hours in one day (Def.'s Resp. at 3-4), but counsel explained in her reply brief that her billing records contained a clerical error and that she mistakenly included two entries for November 29, 2025. (*See* Pl.'s Reply at 1-2, correcting the record to reflect that she billed 11.1 hours on November 28, 2025, and 12 hours on November 29, 2025.)

reduction to the requested fee award, for a total fee award of $26,244.94 ($29,160.94 - $2,916). *See Provost v. Comm'r of Soc. Sec.*, No. 3:25-cv-5972-DWC, 2026 WL 2395637, at *3 (W.D. Wash. Aug. 13, 2026) ("[T]he Court imposes a ten percent across-the board-reduction on billed attorney time in this case." (citing *Moreno*, 534 F.3d at 1111)); *Farmer v. Comm'r of Soc. Sec.*, No. 6:23-cv-0545-SI, 2025 WL 1555477, at *3 (D. Or. June 2, 2025) (applying "a [ten] percent 'haircut' from the requested [EAJA] fee [award]" and awarding $18,452.32 in attorney's fees); *Hamlin v. Kijakazi*, No. 6:22-cv-0038-SI, 2023 WL 6930865, at *2 (D. Or. Oct. 19, 2023) ("Plaintiff's brief raised three issues that are commonly raised in social security litigation and were not particularly complex. The Court, however, declines to fully evaluate the record and the issues in this case to determine reasonable hours for those tasks and instead exercises its discretion by taking a [ten] percent 'haircut' off the 43 hours spent by counsel in reviewing the record and preparing the opening brief.").

The Court finds that any further reductions in the requested fee award are not warranted here. *See Costa*, 690 F.3d at 1136 ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases. While district courts may consider this fact in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind.") (citation omitted). The Court appreciates counsel's thorough briefing and citation to relevant and recent authorities, which understandably requires a considerable number of hours at one's computer. In addition, although counsel's billing records may technically constitute "block" billing, the challenged blocks here did not combine unrelated tasks but rather reflect an attempt to explain the details of a block of counsel's brief writing time, which the Court found helpful. (*See* Taylor Decl., Ex. B.)

Further, the Court disagrees that counsel's familiarity with the administrative record should result in a reduction of hours because familiarity with Plaintiff's medical history does not eliminate the need to analyze the ALJ's opinion, perform targeted legal research, and draft comprehensive briefs. In addition, the Court disagrees that counsel's experience should result in any further reduction of the hours billed. *See Buzbee v. Colvin*, 3:15-cv-00597-MC, 2016 WL 2756173, at *2 (D. Or. May 11, 2016) ("I also dismiss outright the argument that counsel's extensive experience in this area lends to the unreasonableness of her billed hours. If anything, counsel's experience bolsters her judgment, to which the Ninth Circuit would have me defer." (citing *Costa*, 690 F.3d at 1136)).

The Court also declines to discount the fee award by the hours counsel spent on requesting remand for an immediate award of benefits because a fee award need not be reduced where the court declined to adopt a particular argument. *See Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.] In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.") (citation omitted).

Finally, the Court finds that the substantial 50-60% reductions recommended by the Commissioner (Def.'s Resp. at 13) are not warranted, especially in light of Plaintiff's agreement not to seek additional fees for drafting the 15-page reply brief in support of her EAJA fee application, which represents a significant self-imposed discount to the total number of hours required to prevail in this appeal. (*See* Pl.'s Reply at 2.)

For these reasons, the Court concludes that applying a ten percent discount to Plaintiff's requested fee award results in a reasonable award of attorney's fees in light of the length of the record, counsel's experience, and the complexity of the legal and factual issues raised on appeal.

## CONCLUSION

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for EAJA fees (ECF No. 23) and AWARDS Plaintiff her attorney's fees in the amount of $26,244.94 ($29,160.94 - $2,916) and costs in the amount of $405.[4] This award shall be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, the check shall be made out to Plaintiff's attorney and mailed to her office as follows: Katie Taylor, WELLS, MANNING, EITENMILLER & TAYLOR P.C., 474 Willamette Street, Eugene, Oregon 97401. If Plaintiff has such a debt, the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the above address.

**IT IS SO ORDERED.**

DATED this 10th day of November, 2026.

Stacie F. Beckerman

HON. STACIE F. BECKERMAN
United States Magistrate Judge

[4] The Commissioner does not object to awarding Plaintiff her $405 filing fee. (*See* ECF No. 1, "Filing Fee in amount of $405 collected[.]")